**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/19

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's Name** | **Sungard Availability Network Solutions Inc.** | |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **SunGard NetWork Solutions Inc.** | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **23-2981034** | |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **680 East Swedesford Road** | **50 Main Street Suite 1014** |
| Number        Street | Number        Street |
| | P.O. Box |
| **Wayne, Pennsylvania 19087** | **White Plains**            **NY**      **10606** |
| City                         State      Zip Code | City                         State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Chester County** | |
| County | Number        Street |
| | |
| | City                         State      Zip Code |

| | | | |
|---|---|---|---|
| 5. | **Debtor's website** (URL) | **www.sungardas.com** | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) | |
| | | ☐ Partnership (excluding LLP) | |
| | | ☐ Other. Specify: _____ | |

| Debtor | **Sungard Availability Network Solutions Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**5182**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No

☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **Southern District of New York** | When | **05/01/2019** MM / DD / YYYY |
| Case number, if known | _____ | | |

| Debtor | **Sungard Availability Network Solutions Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| _____ | | |
|---|---|---|
| Number | Street | |

| _____ | _____ | _____ |
|---|---|---|
| City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

**15. Estimated assets (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

Debtor    **Sungard Availability Network Solutions Inc.**                    Case number *(if known)* _____
          Name

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **05/01/2019**
               MM/ DD / YYYY

✗  **/s Eric S. Koza**                              **Eric S. Koza**
   Signature of authorized representative of debtor    Printed name

   Title    **Chief Restructuring Officer**

**18. Signature of attorney**

✗  **/s Jonathan S. Henes**            Date    **05/01/2019**
   Signature of attorney for debtor              MM/ DD/YYYY

   **Jonathan S. Henes**
   Printed name

   **Kirkland & Ellis LLP**
   Firm name

   **601 Lexington Avenue**
   Number            Street

   **New York**                      **New York**    **10022**
   City                              State    ZIP Code

   **(212) 446-4800**               **jonathan.henes@kirkland.com**
   Contact phone                     Email address

   **2822203**                      **New York**
   Bar number                        State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York
(State)

Case number *(if known)*: _____    Chapter    11

☐ Check this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Sungard Availability Services Capital, Inc.

- Sungard Availability Services Capital, Inc.

- Sungard Availability Services Holdings, LLC

- Sungard Availability Services Technology, LLC

- Sungard Availability Services, LP

- Inflow LLC

- Sungard Availability Services VeriCenter, Inc.

- Sungard Availability Network Solutions Inc.

```
•    Fill in this information to identify the case:
```

Debtor name      Sungard Availability Network Solutions Inc.

United States Bankruptcy Court for the:                Southern District of New York

Case number
*(If known)*:                                                                    (State)

☐  Check if this is an amended filing

Official Form 204

Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                12/15

- A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | Gartner Inc. | P.O. BOX 911319 Dallas, TX 75391 | Trade | | | | $2,560,792.82 |
| 2 | Dell Marketing L.P. | Attn: Scott Minor Scott.Minor@dell.com 1-610-608-4212 One Dell Way Mail Stop 8129 Round Rock, TX 78682 | Trade | | | | $1,528,643.68 |
| 3 | Element Critical | | Trade | | | | $1,102,258.51 |
| 4 | Veritas Technologies LLC | Attn: Don Harrison Donald.Harrison@veritas.com (856) 372 – 0360 500 East Middlefield Road Mountain View, CA 94043 | Trade | | | | $783,310.22 |
| 5 | Mulesoft, Inc. | 77 GEARY STREET St 400 San Francisco, CA 94108 | Trade | | | | $640,286.01 |
| 6 | Russo Family Limited Partnership | P.O. BOX 15012 Newark, NJ 07191 | Trade | | | | $299,840.65 |
| 7 | Intech Construction, Inc. | Attn: Ron Podlesny RPodlesny@intechconstruction.com 215-243-4957 3020 Market Street Philadelphia, PA 19104 | Trade | | | | $240,211.00 |

---

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 8 | 410 Commerce LLC | 71 HUDSON ST Hackensack, NJ 07601 | Trade | | | | $225,912.56 |
| 9 | Access IT Group, Inc | Attn: Mark Spencer marks@accessitgroup.com 610-783-5200 x204 2000 Valley Forge Circle Suite 106 King of Prussia, PA 19406 | Trade | | | | $215,427.20 |
| 10 | Curvature, Inc. | Attn: Ari Fischbein AFischbein@curvature.com 516.351.0520 10420,Harris Oaks Blvd Suite C Charlotte NC 28269 | Trade | | | | $206,705.22 |
| 11 | G4S Secure Solutions (USEA) Inc. | Attn: James Kimmel james.kimmel@usa.g4s.com 646-895-3902 1395 University Blvd. Jupiter, FL 33458 | Trade | | | | $182,840.07 |
| 12 | 1500 Net-WORKS Associates, L.P. | C/O NIGHTINGALE REALTY, LLC 1430 BROADWAY, SUITE 1605 New York, NY 10018 | Trade | | | | $163,991.69 |
| 13 | Oracle America, Inc. | Attn: Katrina Gody katrina.gody@oracle.com 1(888)545-4577 500 Oracle Parkway Redwood Shores, CA 94065 | Trade | | | | $157,881.82 |
| 14 | Microland, Limited | Attn: Deepanjan Biswas DeepanjanB@microland.com +44-7725257948 1B Ecospace, Bellandur Outer Ring Road Bangalore, India 560103 | Trade | | | | $148,773.01 |
| 15 | D&B | P.O. BOX 75434 Chicago, IL 60675 | Trade | | | | $148,630.04 |
| 16 | The Collective Group, LLC. | 9433 BEE CAVES ROAD BUILDING III, SUITE 200 Austin, TX 78733 | Trade | | | | $134,062.05 |
| 17 | Xactly Corporation | DEPT CH 16399 Palatine, IL 60055 | Trade | | | | $131,032.25 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 18 | Nexii Labs Inc | Attn: Srini Unnava srini.unnava@nexiilabs.com 91-9848361224 2050 Brunswick Plaza-1 State Highway 27 Suite#201 North Brunswick, NJ-08902 | Trade | | | | $126,368.00 |
| 19 | 760 Washington Avenue LLC | 71 HUDSON STREET Hackensack, NJ 07601 | Trade | | | | $121,346.92 |
| 20 | Cisco Systems, Inc. | PO BOX 742927 Los Angeles, CA 90074 | Trade | | | | $117,299.64 |
| 21 | Haynes Mechanical Systems Inc. | Attn: Scott Day sday@haynesmechanical.com 303-710-6531 5654 Greenwood Plaza Blvd Greenwood Village, CO 80111 | Trade | | | | $86,190.22 |
| 22 | DLA Piper LLP (US) | PO BOX 75190 Baltimore, MD 21275 | Professional Services | | | | $82,832.93 |
| 23 | ABB. Inc. | 305 GREGSON DRIVE Cary, NC 27511 | Trade | | | | $80,155.88 |
| 24 | Iron Mountain Off-Site Data Protection | P.O. BOX 915026 Dallas, TX 75391 | Trade | | | | $71,753.09 |
| 25 | McCollister's Transportation Group | PO BOX 37794 Baltimore, MD 21297 | Trade | | | | $67,040.88 |
| 26 | Cannella Roofing Inc. | 783 MARKET STREET Paterson, NJ 07513 | Trade | | | | $65,500.00 |
| 27 | VSS LLC | 201 E Baltimore St. Suite 1400 Baltimore, MD 21202 | Trade | | | | $64,130.00 |
| 28 | FIS Avantgard LLC | PO BOX 40949 Jacksonville, FL 32203 | Trade | | | | $64,015.03 |
| 29 | EMC Corporation | Attn: Lucien Shelton lucien.shelton@dell.com 303-601-3133 176 South Street Hopkinton, MA 01748 | Trade | | | | $63,289.63 |
| 30 | Parkway Corporation | 150 N. BROAD STREET Philadelphia, PA 19102 | Trade | | | | $60,274.29 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SUNGARD AVAILABILITY NETWORK SOLUTIONS INC., | Case No. 19-_____(RDD) |
| Debtor. | |

### LIST OF EQUITY SECURITY HOLDERS[2]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Sungard Availability Network Solutions Inc. | Sungard Availability Services Holdings, LLC | 680 East Swedesford Road Wayne, Pennsylvania 19087 Chester County | 100% |

---

[2]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNGARD AVAILABILITY NETWORK | ) | Case No. 19-_____(RDD) |
| SOLUTIONS INC., | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

### CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Sungard Availability Services Holdings, LLC | 100% |
| Sungard Availability Services Capital, Inc. | 100% |
| Silver Lake Partner II, L.P. | 14.28% |
| KKR Millennium Fund L.P. | 14.07% |
| Bain Capital Integral Investors, LLC | 14.16% |

| Fill in this information to identify the case and this filing: ██████████████ |
|---|
| Debtor Name        Sungard Availability Network Solutions Inc. |
| United States Bankruptcy Court for the:        Southern District of New York |
|                                                                                    (State) |
| Case number (If known): |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

████    **Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    Amended Schedule

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    Other document that requires a declaration___List of Equity Security Holders, Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **05/01/2019** | ☒ **/s/ Eric S. Koza** |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Eric S. Koza** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

**Official Form 202**                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

<u>**CONSENT OF THE BOARD OF DIRECTORS OF**</u>

<u>**SUNGARD AVAILABILITY NETWORK SOLUTIONS INC.**</u>

<u>**Dated as of May 1, 2019**</u>

WHEREAS, the undersigned members of the board of directors (the "<u>Board</u>") of Sungard Availability Network Solutions Inc. (the "<u>Company</u>"), hereby take the following actions and adopts the following resolutions by written consent (this "<u>Consent</u>") pursuant to the organizational documents of the Company and the laws of the state of Delaware;

WHEREAS, the Company and certain of its affiliates (together, the "<u>Restructuring Parties</u>") negotiated and, as of April 1, 2019, entered into the Restructuring Support Agreement (the "<u>RSA</u>"), which agreement contemplates a comprehensive restructuring of the Restructuring Parties' capital structure on the terms set forth therein;

WHEREAS, pursuant to the direction of the Board, the Company's management and advisors engaged in good-faith negotiations with the Restructuring Parties' Sponsors and Consenting Creditors (each as defined in the RSA) over the terms of the *Joint Prepackaged Chapter 11 Plan of Reorganization of Sungard Availability Services Capital, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented, the "<u>Plan</u>");

WHEREAS, the solicitation of the Plan commenced on April 5, 2019;

WHEREAS, the deadline for the receipt of votes to accept or reject the Plan was April 26, 2019; and

WHEREAS, the Board discussed the foregoing with the Company's management and advisors and the Board has fully considered each of the strategic alternatives available to each Subsidiary and has determined, in the judgment of the Company, that the following resolutions are in the best interests of the Company and its creditors.

NOW, THEREFORE, BE IT:

**Restructuring Support Agreement; Chapter 11 Plan; Solicitation**

RESOLVED, that in the business judgment of the Board, it is desirable, and in the best interests of the Company, its creditors, and other parties in interest, to have entered into the RSA and that the Company's performance of its obligations under the RSA, including the negotiation and documentation of the Plan and commencement of the prepackaged solicitation of the Plan and Disclosure Statement (as defined in the RSA), and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto, hereby is, in all respects approved and ratified with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by the Board.

**Chapter 11 Filing**

WHEREAS, the Board has considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business; and

WHEREAS, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT:

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company (including a consideration of its creditors and other parties in interest) that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

RESOLVED, that the Chief Executive Officer, the Chief Restructuring Officer, the Chief Financial Officer, the President, the General Counsel, the Chief Operating Officer, any Senior Vice President, any Vice President, any Assistant Vice President, or any other duly appointed officer of the Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

**Restructuring Transactions and Documents**

RESOLVED, that each of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and hereby are, authorized and empowered to enter into, on behalf of the Company, a restructuring transaction or series of restructuring transactions by which the Company will restructure its debt obligations or other liabilities (collectively, the "Restructuring Transactions");

RESOLVED, that each of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and hereby are, authorized and empowered to take, or cause to be taken, any and all such other and further action, and to execute (under the common seal of the Company, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents in furtherance of the Restructuring Transactions to which the Company is or will be a party (collectively, the "Restructuring Documents"), to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as the Authorized Signatories executing the same shall, in their

2

absolute discretion approve, such approval to be conclusively evidenced by such Authorized Signatories' execution and delivery thereof; and

RESOLVED, that each of the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take any and all actions to (i) obtain approval by a court of competent jurisdiction or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transactions, and (ii) obtain approval by any court of competent jurisdiction or any other regulatory or governmental entity of any Restructuring Transactions.

**Retention of Professionals**

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of AlixPartners, LLP ("AlixPartners") to provide a Chief Restructuring Officer to, among other things, assist the Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by the Board, creditors, or other third parties, as requested by the Company, evaluating the Company's capital structure, responding to issues related to the Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of the Company's assets; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners;

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Centerview Partners LLC ("Centerview") as financial advisor and investment banker to the Company to represent and assist the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and pay all related fees as set forth in the April 30, 2019 agreement between Centerview and the Company, which amends, supersedes and retstates in its entirety the prior agreement dated as of December 20, 2018, and pay all related fees as set forth in the April 30, 2019 agreement between Centerview and the Company, which amends, supersedes and retstates in its entirety the prior agreement dated as of December 20, 2018, and to

3

cause to be filed an appropriate application for authority to employ or retain the services of Centerview;

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Prime Clerk, LLC ("Prime Clerk") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk;

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection**

RESOLVED, that the Company will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain  Credit Agreement, dated as of March 31, 2014 (as amended and restated as of July 19, 2017 and as further amended, restated, amended and restated, supplemented or otherwise modified from time to time), by and among Sungard Availability Services Capital, Inc., as borrower, the other Restructuring Parties, as guarantors, and JPMorgan Chase Bank, N.A. as administrative agent and collateral agent (the "Agent"), and (b) the incurrence of debtor-in-possession financing obligations (the "DIP Financing");

RESOLVED, that in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (the "DIP Order") and submitted for approval to the Bankruptcy Court;

RESOLVED, that the form, terms, and provisions of the DIP Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories of the Company be,

4

and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

RESOLVED, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on its assets to secure such obligations;

RESOLVED, that the Authorized Signatories of the Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "DIP Financing Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other DIP Financing Document;

RESOLVED, that each of the Authorized Signatories of the Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the DIP Order; and

RESOLVED, that each of the Authorized Signatories of the Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the

terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Order or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**Exit Financing**

WHEREAS the Board deems it advisable and in the best interests of the Company, its creditors, and other parties in interest that the Company enter into those certain new money and take-back credit agreements, upon emergence from bankruptcy (the "Exit Financing Credit Agreements") and grant security interests and/or guarantees in relation thereto, for the purposes of providing ongoing financing utilizing via exit term loans or other extensions of credit, and exit asset-backed-lending or other revolving loan facility (the "Exit Revolver" and collectively with the Exit Financing Credit Agreements, "Exit Financing") to the Company;

WHEREAS, the Company by receiving Exit Financing, will receive direct and indirect benefits from the transactions contemplated by the Exit Financing Credit Agreements, the terms and conditions of which have been previously reviewed by the Board and consequently, the Company desires to enter into (i) the Exit Financing Credit Agreements, (ii) the Exit Revolver, and (iii) any related documents, and, to the extent the Company is a party thereto, the Additional Credit Documents (as defined below) (collectively, the "Exit Financing Credit Documents") and the transactions contemplated thereby; and

WHEREAS, the Board deems the execution and delivery of the Exit Financing Credit Documents, the Exit Revolver, and the Additional Credit Documents, and the transactions consummated thereby, to be desirable, advisable and in the best interest of the Company.

NOW, THEREFORE, BE IT:

RESOLVED, that the execution and delivery of the Exit Financing Credit Agreements and the other Exit Financing Credit Documents (and the incurrence of the obligations thereunder) by the Company in substantially the form previously submitted to the Board and the consummation of the transactions contemplated thereunder by the Company, including (i) the execution, delivery and performance of all other agreements, instruments, documents, notices or certificates constituting exhibits to or that may be required, necessary, appropriate, desirable or advisable to be executed and delivered pursuant to the Exit Financing Credit Documents or otherwise permitted thereunder or related thereto, including interest rate, currency or commodity hedging arrangements (each, an "Additional Credit Document" and, collectively, the "Additional Credit Documents"), (ii) any granting of security interests and/or guarantees in relation thereto and (iii) the making of representations and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved, and that the Authorized Signatories, any one of whom may act without the joinder of any of the others, is hereby severally authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver each Exit Financing Credit Document and each Additional Credit Document to which the Company is a party, with such changes therein and additions thereto as any such Designated Officer, in his sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of such Exit

Financing Credit Documents and such Additional Credit Documents with any changes thereto by any such Designated Officer, to be conclusive evidence that such Designated Officer deemed such changes to meet such standard;

RESOLVED, that, as used herein, the term "Additional Credit Documents" shall include, but not be limited to:

a. any related lien subordination or intercreditor agreements; and

b. all other documents, certificates or agreements necessary, proper or advisable to consummate the transactions contemplated by the Exit Financing Credit Documents, including, without limitation, each note, each fee letter, each guarantee agreement, each security agreement, each mortgage, each pledge, each intellectual property security interest agreement, each intellectual property security agreement, and any other documentation similar to any of the foregoing; and

RESOLVED, that each of the Authorized Signatories of the Company, any one of whom may act without the joinder of any of the others, is hereby severally authorized, in the name of and on behalf of the Company, to take all actions (including, without limitation, (i) the negotiation, execution, delivery and filing of any agreements, certificates, instruments or documents (including mortgages, financing statements and similar documents), (ii) the modification, restatement, or amendment of any of the terms and conditions of any Exit Financing Credit Document and any Additional Credit Document, (iii) the payment of any consideration and (iv) the payment of indemnitees, fees, costs, expenses and taxes) as any such Authorized Signatory, in his sole discretion, may deem necessary, appropriate or advisable (such acts to be conclusive evidence that such Authorized Signatory deemed the same to meet such standard) in order to effect the transactions contemplated under any Exit Financing Credit Documents and any other Additional Credit Document, and all acts of any such Authorized Signatory taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified and confirmed in all respects.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED, that the Board of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board; and

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

*                *                *                *                *

**IN WITNESS WHEREOF**, the Board hereby adopts the foregoing written Consent, as of the first date written above.  This Consent may be executed in counterparts, each of which shall be deemed an original for all purposes, and all of which together shall constitute one and the same consent.

[*Remainder of page intentionally left blank*]

**SUNGARD AVAILABILITY NETWORK SOLUTIONS, INC.**

Andrew Stern

Susan Lynch

[*Consent Signature Page*]