Jonathan S. Henes, P.C.
Emily E. Geier (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Ryan Blaine Bennett, P.C. (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SUNGARD AVAILABILITY SERVICES CAPITAL, INC., | Case No. 19-22915 (RDD) |
| Debtor. | |
| Tax I.D. No. 46-4987677 | |
| In re: | Chapter 11 |
| SUNGARD AVAILABILITY SERVICES HOLDINGS, LLC, | Case No. 19-22916 (RDD) |
| Debtor. | |
| Tax I.D. No. 46-4986403 | |
| In re: | Chapter 11 |
| SUNGARD AVAILABILITY NETWORK SOLUTIONS, INC., | Case No. 19-22920 (RDD) |
| Debtor. | |
| Tax I.D. No. 23-2981034 | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNGARD AVAILABILITY SERVICES TECHNOLOGY, LLC, | ) ) ) | Case No. 19-22917 (RDD) |
| Debtor. | ) ) | |
| Tax I.D. No. 23-2579118 | ) ) | |
| In re: | ) ) | Chapter 11 |
| SUNGARD AVAILABILITY SERVICES, LP | ) ) ) | Case No. 19-22914 (RDD) |
| Debtor. | ) ) | |
| Tax I.D. No. 23-2106195 | ) ) | |
| In re: | ) ) | Chapter 11 |
| INFLOW, LLC, | ) ) | Case No. 19-22918 (RDD) |
| Debtor. | ) ) | |
| Tax I.D. No. 84-1439489 | ) ) | |
| In re: | ) ) | Chapter 11 |
| SUNGARD AVAILABILITY SERVICES VERICENTER, INC., | ) ) ) | Case No. 19-22919 (RDD) |
| Debtor. | ) ) | |
| Tax I.D. No. 76-0624039 | ) ) | |

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

2

respectfully state the following in support of this motion (the "Motion"):[1]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), directing procedural consolidation and joint administration of these chapter 11 cases. Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") maintain one file and one docket for all of the jointly administered cases under the case of Sungard Availability Services Capital, Inc., and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNGARD AVAILABILITY SERVICES CAPITAL, INC., *et al.*,[1] | ) | Case No. 19-22915 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The last four digits of the Debtors tax identification number are Sungard Availability Services Capital, Inc. (7677); Sungard Availability Services Holdings, LLC (6403); Sungard Availability Services Technology, LLC (9118); Inflow LLC (9489); Sungard Availability Services, LP (6195); Sungard Availability Services Vericenter Inc. (4039); Sungard Availability Network Solutions, Inc. (1034). The location of the Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1014, White Plains, NY 10606.

2. The Debtors further request that the Bankruptcy Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

---

[1] A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Eric Koza, Chief Restructuring Officer at Sungard Availability Services Capital, Inc.,(I) in Support of Chapter 11 Petitions and First Day Pleadings and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.

3

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of Sungard Availability Services Capital, Inc.:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Sungard Availability Services Capital, Inc., Case No. 19-22915; Sungard Availability Services Holdings, LLC, Case No. 19-22916; Sungard Availability Network Solutions, Inc., Case No. 19-22920; Sungard Availability Services Technology, LLC, Case No. 19-22917; Sungard Availability Services, LP, Case No. 19-22914; Inflow, LLC, Case No. 19-22918; Sungard Availability Services Vericenter, Inc, Case No. 19-22919. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-22915 (RDD).**

4. The Debtors also seek authority to file its monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

## Jurisdiction and Venue

5. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties,

4

cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

8. Sungard Availability Services Capital, Inc. ("Sungard AS"), together with its Debtor and non-Debtor subsidiaries, is a leading provider of information technology production and recovery services for companies in the financial services, manufacturing, retail, healthcare, business services, transportation, telecommunications, utilities, and government sectors across North America, Europe, and India. The Debtors' core business segments involve providing managed information technology, information availability consulting, business continuity management software, and disaster recovery services. The Debtors and their non-Debtor affiliates own and/or operate over 80 data centers and recovery locations worldwide, and provide services to approximately 3,250 customers in nine countries with approximately 2,500 employees. The Debtors are headquartered in Wayne, Pennsylvania, and have corporate offices in the United Kingdom, Canada, Ireland, France, India, Belgium, Luxembourg, and Poland. The Debtors' business segments generated approximately $977 million in net revenue in fiscal year 2018. As of the Petition Date, the Debtors' funded debt obligations totaled approximately $1.3 billion consisting of a revolver facility, one term loan with two tranches, and one issuance of unsecured notes.

9. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated. Additional information regarding the Debtors and their prepetition operations and capital structure is set forth in the First Day Declaration, filed contemporaneously herewith.

## Basis for Relief

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors are a group of "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Bankruptcy Court to grant the relief requested herein.

11. Section 105(a) of the Bankruptcy Code provides the Bankruptcy Court with the power to grant the relief requested herein by permitting the Bankruptcy Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

12. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See, e.g., In re FULLBEAUTY Brands Holdings Corp.*, No 19-22185 (RDD) (Bankr. S.D.N.Y. Feb. 3, 2019) (directing joint administration of chapter 11 cases); *In re Aegean Marine Petrol. Network Inc.*,

Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Nov. 6, 2018) (same); *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 6, 2018) (same); *In re Cenveo, Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 5, 2018) (same); and *In re Glob. A&T Elecs. Ltd.*, Case No. 17-23931 (RDD) (Bankr. S.D.N.Y. Dec. 19, 2017) (same).[2]

13. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of its estates, its creditors, and all other parties in interest.

### Motion Practice

15. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

**Notice**

16. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York, Attn.: Greg M. Zipes, Esq.; (b) the Holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Crossover Group, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036 Attn: Philip Dublin and Naomi Moss; (d) the Crossover Group; (e) counsel to the Secured Lender Group, Jones Day, 250 Vesey Street, New York, NY 10281 Attn: Scott J. Greenberg, Esq., Michael J. Cohen, Esq., and Steven A. Domanowski, Esq.; (f) the Secured Lender Group; (g) counsel to the Sponsors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 Attn: Brian S. Hermann and Jacob A. Adlerstein; (h) counsel to the Credit Facility Agent, Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, New York 10019, Attn: Paul H. Zumbro and Stephen M. Kessing, (i) the United States Attorney's Office for the Southern District of New York; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the Environmental Protection Agency and all similar state environmental agencies; (m) the attorneys general in the states where the Debtors conduct their business operations; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**No Prior Request**

17. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Bankruptcy Court enter the Order granting the relief requested herein and such other relief as the Bankruptcy Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated:  May 1, 2019<br>New York, New York | */s/ Jonathan S. Henes*<br>Jonathan S. Henes, P.C.<br>Emily E. Geier (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br><br>- and -<br><br>Ryan Blaine Bennett, P.C. (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:     (312) 862-2200<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

19-22920-rdd    Doc 2    Filed 05/01/19    Entered 05/01/19 21:52:54    Main Document
Pg 10 of 15

# EXHIBIT A

**Proposed Order**

19-22920-rdd    Doc 2    Filed 05/01/19    Entered 05/01/19 21:52:54    Main Document
Pg 10 of 15

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNGARD AVAILABILITY SERVICES CAPITAL, INC., | ) ) ) | Case No. 19-22915 (RDD) |
| Debtor. | ) ) | |
| Tax I.D. No. 46-4987677 | ) ) | |
| In re: | ) ) ) | Chapter 11 |
| SUNGARD AVAILABILITY SERVICES HOLDINGS, LLC, | ) ) ) | Case No. 19-22916 (RDD) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 46-4986403 | ) ) | |
| In re: | ) ) ) | Chapter 11 |
| SUNGARD AVAILABILITY NETWORK SOLUTIONS, INC., | ) ) ) | Case No. 19-22920 (RDD) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 23-2981034 | ) ) | |
| In re: | ) ) ) | Chapter 11 |
| SUNGARD AVAILABILITY SERVICES TECHNOLOGY, LLC, | ) ) ) | Case No. 19-22917 (RDD) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 23-2579118 | ) ) | |

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNGARD AVAILABILITY SERVICES, LP | ) ) ) | Case No. 19-22914 (RDD) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 23-2106195 | ) ) |  |
| In re: | ) ) | Chapter 11 |
| INFLOW, LLC, | ) ) ) | Case No. 19-22918 (RDD) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 84-1439489 | ) ) |  |
| In re: | ) ) | Chapter 11 |
| SUNGARD AVAILABILITY SERVICES VERICENTER, INC., | ) ) ) | Case No. 19-22919 (RDD) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 76-0624039 | ) ) |  |

**ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, "the Debtors") for entry of an order (this "Order"), directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*,

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

dated December 1, 2016; and this Bankruptcy Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Bankruptcy Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Bankruptcy Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Bankruptcy Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Bankruptcy Court (the "Hearing"); and this Bankruptcy Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Bankruptcy Court under Case No. 19-22915 (RDD).

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SUNGARD AVAILABILITY SERVICES CAPITAL, INC., *et al.*,[1] | ) Case No. 19-22915 (RDD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

[1] The last four digits of the Debtors tax identification number are Sungard Availability Services Capital, Inc. (7677); Sungard Availability Services Holdings, LLC (6403); Sungard Availability Services Technology, LLC (9118); Inflow LLC (9489); Sungard Availability Services, LP (6195); Sungard Availability Services Vericenter Inc. (4039); Sungard Availability Network Solutions, Inc. (1034). The location of the Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1014, White Plains, NY 10606.

4.  The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.  A docket entry, substantially similar to the following, shall be entered on the docket of each of the debtors other than Sungard Availability Services Capital, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Sungard Availability Services Capital, Inc., Case No. 19-22915; Sungard Availability Services Holdings, LLC, Case No. 19-22916; Sungard Availability Network Solutions, Inc., Case No. 19-22920; Sungard Availability Services Technology, LLC, Case No. 19-22917; Sungard Availability Services, LP, Case No. 19-22914; Inflow, LLC, Case No. 19-22918; Sungard Availability Services Vericenter, Inc, Case No. 19-22919. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-22915 (RDD).**

6.  One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the clerk of the Bankruptcy Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

7.     The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, by consolidating the information required for each debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

8.     Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of this Bankruptcy Court are satisfied by such notice.

11.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.    This Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2019

                                          THE HONORABLE ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE